# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-20347-STA |
| | ) |
| ROBERT STACY KILGORE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the United States of America's ("the Government") Motion for Sanctions Regarding Defendant's Closing Argument, which the Government made orally on March 14, 2012, during the trial in this case. For the following reasons, the Government's Motion is **DENIED**.

## BACKGROUND

Defendant was indicted on two counts of Sexual Exploitation and Other Abuse of Children in violation of 18 U.S.C. § 2251 and one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252. (Superseding Indictment, D.E. # 59, at 1-3.) Defendant filed a Motion in Limine on January 25, 2011, requesting the Court to prohibit the Government from making any attempt to introduce testimony regarding any alleged prior acts involving any sexually explicit conduct on behalf of Defendant. (D.E. # 27.) Specifically, Defendant sought to prohibit the Government from presenting testimony that he had previously exposed himself in the presence of a minor female and that he had previously observed his minor stepdaughter while

1

hiding in the same bathroom depicted in the video at issue in this case. (*Id.*) The Court granted Defendant's Motion on July 15, 2011 (D.E. # 51), stating that the evidence was relevant but inadmissible under Federal Rule of Evidence 403. (Order Granting Motion in Limine, D.E. # 51, at 4-5.)

The case was tried before the Court on March 12-14, 2012. (D.E. # 79-81.) During closing argument, Defense Counsel ("Mr. Smith") made the following statement:

> Mr. Smith: Now when you look at her Number 6, you are to bring about your common sense, okay. Now, if this was intended to elicit sexual response or sexual gratification in this defendant, do you question, well, you know, this defendant and his wife had a fifteen-year-old girl, apparently nothing had ever happened between him and her –
>
> Government Counsel [("Ms. Ireland")]: Objection Your Honor.

The Court immediately held a sidebar at which the following conversation took place:

> The Court: Mr. Smith, that's not appropriate.
>
> Mr. Smith: And why?
>
> The Court: You can't bring up other potential instances where he could have committed a similar crime.
>
> Ms. Ireland: And as are allegations that he did which were ruled out in the meeting prior to trial.
>
> Mr. Smith: No –
>
> The Court: It's improper. You can't suggest that because he didn't do something to someone else he is presumed not to have done it in this instance.
>
> Mr. Smith: Okay. Not arguing with the Court, but for the record, pattern of conduct, whether it exists or it doesn't exist, is deemed relevant in any criminal case. The pattern and habit and prior actions tend to go to prove identity. It goes to all the factors in a criminal case.
>
> Ms. Ireland: Those were explicitly –

2

> The Court: Hold on. Let him finish, and I'll let you have a chance.
>
> Mr. Smith: That's my response just to Your Honor.
>
> Ms. Ireland: That was exactly the basis on which we sought to admit that. And we had a hearing in June of last year in which they were specifically ruled inadmissible. There were allegations that were asserted years ago about him taping the other daughter in the bathroom, and there were other allegations of exposure to her and her friend that w[ere] rule inadmissible.
>
> The Court: Well, quite frankly, I don't have that order in front of me or that ruling in front of me. I assume you are correct if [you] recall it that explicitly. Mr. Smith, do you remember anything about that?
>
> Mr. Smith: She was wanting to introduce proof that at times, which they could not identify and whatever, that he would lay on the – I think the couch with boxer shorts on. I think that's totally different from what I'm talking about.
>
> The Court: At any rate, I'm ruling that it is inappropriate for you to make any argument about any other instances where he may have engaged in similar conduct with another person and whether or not he did or didn't, okay.
>
> Ms. Ireland: I would request an instruction to the jury.
>
> The Court: All I'm going to tell the jury is that I'm going to remind them that argument of counsel is not evidence, that they are supposed to rely strictly on the evidence that's presented. Is that sufficient?
>
> Mr. Smith: I am opposed to the Court saying anything other than –
>
> The Court: Well, I think I've got to under the circumstances.
>
> Ms. Ireland: I think you do as well.

The Court then addressed the jury in open court and issued a limiting instruction:

> The Court: Ladies and gentlemen, I just want to remind you once again that argument of counsel is not evidence. . . . You are to consider the evidence and base your decisions strictly on the evidence presented during the trial, and argument of counsel is not evidence. . . . All right, Mr. Smith.

During a break in the trial, the Court reviewed its Order Granting Defendant's Motion in Limine, and upon conducting a sidebar with Ms. Ireland and Mr. Smith, it notified Mr. Smith that he had

3

violated the Court's Order. The following conversation then took place:

> Mr. Smith: Well, it was not my intent. I remember – and I hadn't read it close before this. This was a[n] issue where, if you read their motion, they are not able to give you any time frame when it occurred. They are saying, from what I remember, he was exposing himself through being dressed in like boxer shorts . . . and things of that nature, which to me were not connected in any way to this incident. And the probative value [would] be offset by the prejudicial value.
>
> The Court: That's why I ruled in your favor, but my concern is you attached a letter to your motion in limine that specifically references that the defendant is believe to have previously observed his minor stepdaughter using the same bathroom depicted in the video at issue in this case, that the incident occurred around when the child was approximately fourteen to fifteen years of age, and that the incident was reported to the defendant's wife by the defendant's stepdaughter. And your motion asks me to prevent the government from introducing that evidence. And I granted the motion. And as I recall what you said out here, and I may need to get the court reporter to pull it back up, but you told the jury that there were no prior instances or the government had produced no evidence of prior instances where it was alleged that [Defendant] had engaged in any type of similar conduct with this older daughter – older stepdaughter. Excuse me.
>
> Mr. Smith: This is referring to the older stepdaughter saying that when she would walk in, I think, walked out of the bathroom, he would look at her, okay. Now what I asked was, was there any proof that he had engaged in similar conduct for which he's charged, and that is the clandestine taking of pictures of minors engaged in sexually explicit conduct, which I think is totally different from this.
>
> Ms. Ireland: That is disingenuous. That is absolutely disingenuous. . . . It was absolutely uncalled for. It was specifically ruled out. The government is prepared to put on proof and was prepared to put on proof. I seek an instruction for the jury.
>
> The Court: What kind of instruction are you requesting?
>
> Ms. Ireland: That the jury is to consider conduct at issue in this indictment only and whether [Defendant] has or has not engaged in or been accused of any other conduct is not for their question today.
>
> The Court: Mr. Smith?
>
> Mr. Smith: Your Honor, I was innocent in this, but because I said that, go

ahead and –

The Court: Well, I feel like I've got to rectify it some way, and there are only a couple ways that I know of to rectify it. One is to give some kind of instruction at this point or declare a mistrial and start all over and then reconsider my ruling on this prior motion.

Ms. Ireland: I do not want to do that to the family, but I want it to be explicitly explained that any other acts, whether they occurred or did not occur –

The Court: Hold on one second. Let's be sure that I've got it the way both of you or at least if there is any objection –
. . .

Ms. Ireland: While we think it would be justified, we are not going to ask for a mistrial. I would leave it to the Court's discretion to determine what disciplinary action, if any, to take. We would argue that it might be appropriate. If the Court would just instruct the jurors then to please consider only conduct that has to do with what's laid forth in the indictment.

The Court: All right. Well, as far as it relates to where we are now, I'm primarily interested in whether I need to give any other instruction to the jury.

Ms. Ireland: No, but I do want this discussion on the record. I want the record to be very clear.

The Court: I understand. And I'm not foreclosing the possibility that the Court will consider other action or whatever after the trial is over.

## STANDARD OF REVIEW

Because the Federal Rules of Criminal Procedure do not contain a rule governing sanctions of attorney conduct, the Court turns to the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 11(b) ("Rule 11(b)") provides that "by presenting to the court a . . . written motion, an attorney . . . certifies that to the best of the person's knowledge, information, and belief, . . . it is not being presented for any improper purpose."[1] Sanctions for violations of

---

[1] Fed. R. Civ. P. 11(b)(1). The

Rule 11(b) "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[2]

## ANALYSIS

The Court finds that additional sanctions are unnecessary at this time. Mr. Smith stated that he did not intend to mislead the jury when he made the statements objected to by Ms. Ireland; he stated that his reference to Defendant's prior actions was not intentional and that he was not familiar with the Court's Order granting his Motion in Limine. However, this portion of Mr. Smith's closing argument was wholly inappropriate due to the Court's Order excluding all testimony related to Defendant's alleged prior indecent exposures and prior viewing of his stepdaughter in the bathroom. Moreover, Defendant's pattern or practice of such behavior was not an element of the charged crimes and thus was not at issue in the case. Therefore, the Court is unpersuaded by Mr. Smith's justifications for his statements during closing argument.

However, the Court finds that the Government was not prejudiced by Mr. Smith's statements during closing argument. The jury returned a guilty verdict on all counts. The Court issued a limiting instruction to the jury at the Government's request, and there is no evidence that the jury considered Mr. Smith's statements as anything other than argument. Therefore, the Court will not impose sanctions on Mr. Smith at this time. Nevertheless, Mr. Smith is cautioned to thoroughly familiarize himself with all pretrial orders in the future.

**IT IS SO ORDERED.**       s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 2, 2012.

---

[2] Fed. R. Civ. P. 11(c)(4).